Kaleb Gibertoni, WSB # 8-7153
Buchhammer & Ward, P.C.
1821 Logan Avenue
P.O. Box 568
Cheyenne, WY 82003-0568
(307) 634-2184
fax (307) 634-2199
kaleb@bwwyoming.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2025 SEP 25  PM 4: 25

MARGARET BOTKINS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

ARTISAN TRUCKERS AND
CASUALTY COMPANY, a Wisconsin
Corporation,

          Plaintiff,

v.

GHOST RIDER TRUCKING &
LIVESTOCK, LLC; MATTHEW A.
DRINKWALTER:  and LOREN
DRINKWALTER, as Administrator of
the Estate of Steven Ray Drinkwalter,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Docket No.

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW the Plaintiff, Artisan Truckers and Casualty Company, by and through

counsel, and for its Complaint for Declaratory Relief states and alleges as follows:

### I. NATURE OF THE ACTION

1.     Plaintiff Artisan Truckers and Casualty Company ("Artisan") issued a

Commercial Auto Insurance Policy, Form 6912 (02/19), Policy Number 977591240

("Policy"), to Ghost Rider Trucking & Livestock, LLC ("Ghost Rider"), on February 16, 2024.

A true and correct copy of the Policy is attached hereto as Exhibit 1. The Policy is a

Wyoming insurance policy, issued in Wyoming to a Wyoming limited liability company.

2.     This is an action for declaratory relief, seeking a declaration of the rights,

responsibilities, and obligations of the parties for liability benefits under the Policy.

3.    This action is brought pursuant to 28 U.S.C. §2201, seeking a declaration of the rights and obligations of an actual controversy that exists between and among the interested parties herein.

## II. JURISDICTION AND VENUE

4.    Plaintiff Artisan is a Wisconsin corporation with its principal place of business in Mayfield Village, Ohio, and is engaged in the business of writing and issuing insurance policies in Wyoming and other states.

5.    Defendant Ghost Rider Trucking & Livestock, LLC, is a Wyoming limited liability company with its principal place of business and registered agent situated in Natrona County, Wyoming.

6.    Defendant Matthew A. Drinkwalter is a resident of Natrona County, Wyoming.

7.    Defendant Loren Drink is a resident of Casper, Wyoming, and has been appointed by the Seventh Judicial District Court, County of Natrona, State of Wyoming, in Case No. 2024-CV-0114523, as the Administrator of the Estate of Steven Ray Drinkwalter.

8.    This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

9.    Venue is proper pursuant to 28 U.S.C. §§1390(a) and 1391(b)(2) in that the existing controversy involves the interpretation and construction of a commercial automobile liability policy issued in Wyoming to a Wyoming resident.

## III. STATEMENT OF FACTS

10.    This action arises out of a collision in Nebraska on July 16, 2024, between

a 1999 Peterbilt tractor owned by Ghost Rider and a Burlington Northern train ("Accident).

11.    At the time of the Accident, the 1999 Peterbilt tractor was being driven by Matthew A. Drinkwalter ("Matthew") and that Steven Ray Drinkwalter ("Steven") was riding in the passenger seat of the tractor. As Matthew was driving the 1999 Peterbilt tractor over a railroad crossing, it was struck by a Burlington Northern train.

12.    When the 1999 Peterbilt tractor and the Burlington Northern train collided, Steven died from the injuries that he sustained in the course of the Accident.

13.    On or about July 17, 2025, Loren Drinkwalter, as the administrator of The Estate of Steven Ray Drinkwalter, commenced suit against Ghost Rider Trucking and Livestock, L.L.C., and Matthew A. Drinkwalter for the death of Steven. That action was filed in the District Court of the Seventh Judicial District, County of Natrona, State of Wyoming, and identified as Case No. 2025-CV-0115366 (hereinafter "Underlying Lawsuit"). A copy of the complaint in the Underlying Lawsuit is attached hereto as Exhibit 2 and incorporated herein by this reference.

14.    Upon information and belief, the trip which Matthew and Steven were taking at the time of the Accident originated in Casper, Wyoming, on July 15, 2024. Upon leaving Casper, Steven drove the 1999 Peterbilt tractor to Black Thunder Mine in Wyoming, where a load of tires was picked up. Steven then drove the 1999 Peterbilt tractor from Wyoming to Big Springs, Nebraska.

15.    Upon information and belief, upon arriving at Big Springs, Nebraska, Matthew took over driving the 1999 Peterbilt tractor and proceed to Hayes Center, Nebraska, where the load of tires was delivered. The tractor was then driven to a location in or near Ulysses, Kansas, where Matthew and Steven spent the night.

3

16.     Upon information and belief, on the morning of July 16, 2024, Steven drove the 1999 Peterbilt tractor to a location in or near Ulysses, Kansas, and picked up a load of pipe. Steven then drove the 1999 Peterbilt tractor from Ulysses, Kansas, to somewhere near Haigler, Nebraska. Near Haigler, Nebraska, Matthew took over driving the 1999 Peterbilt tractor.

17.     Upon information and belief, in the course of the above referenced trip, Steven kept a driver's log of his hours of service and drove the 1999 Peterbilt approximately 75% of the time that the vehicle was being operated.

## IV. THE POLICY

18.     For purposes of this action and to declare the rights, responsibilities, and obligations of the parties, the pertinent Policy language provides as follows

## GENERAL DEFINITIONS

**The words and phrases below, whether in the singular, plural or possessive, have the following special meanings when appearing in boldface type in this policy, and in endorsements issued in connection with this policy, unless specifically modified.**

\* \* \*

5.     "**Employee**" includes . . . a statutory employee. \* \* \*

\* \* \*

## PART I - LIABILITY TO OTHERS

## INSURING AGREEMENT - LIABILITY TO OTHERS

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury** . . . for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. \* \* \*

4

* * *

## ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

A.      When used in Part I - Liability To Others, **insured** means:

    **1.**      **You** with respect to an **insured auto**.

    **2.**      Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own * * *

* * *

**"EXCLUSIONS - PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I - LIABILITY TO OTHERS.**

Coverage under this Part I, including **our** duty to defend, does not apply to:

* * *

5.      **Employee Indemnification and Employer's Liability Bodily injury** to:

    a.      An **employee** of any **insured** arising out of or within the course of:

        (i)      That **employee's** employment by any **insured**; or

        (ii)     Performing duties related to the conduct of any **insured's** business; * * *

* * *

6.      **Fellow Employee**

    **Bodily injury** to:

    a.      a fellow **employee** of an **insured** injured while within the course of their employment or while performing duties related to the conduct of **your** business.

## V. CLAIM FOR DECLARATORY RELIEF

19.      Plaintiff restates and incorporates herein by this reference each of the

5

allegations contained in paragraphs 1 through 18 above.

20.    The Federal Motor Carrier Safety Regulations govern the operation of commercial motor vehicles, such as the 1999 Peterbilt tractor involved in the Accident. At 49 C.F.R. §390.5 of the Federal Motor Carrier Safety Regulations, the term "driver" is defined as meaning "any person who operates any commercial motor vehicle." The same regulation goes on to define the term "employee" to include any driver of a commercial motor vehicle and defines the term "employer" as anyone who owns a commercial motor vehicle that is used in a business affecting interstate commerce.

21.    At all times relevant to the Accident, Ghost Rider was an employer because it owned a commercial motor vehicle that was used in interstate commerce.

22.    The Policy defines the term employee to include a statutory employee.

23.    At all times relevant to the Accident, Steven was an employee, whether statutory or otherwise, of Ghost Rider because he was a driver and operated the 1999 Peterbilt tractor, a commercial motor vehicle, in the course of the trip in which he and Matthew were on at the time of the Accident.

24.    At all times relevant to the Accident, Matthew was an employee of Ghost Rider. Because Matthew and Steven shared in driving the 1999 Peterbilt tractor in the course of the trip on which they were on at the time of the Accident, and because that driving was in furtherance of Ghost Rider's business, Matthew and Steven were fellow employees of Ghost Rider.

25.    Exclusion 5 in "Part I – Liability to Others" of the Policy excludes coverage for injury claims of an employee of Ghost Rider arising out of or within the course of either the employee's employment or while the employee is performing duties related to the

6

conduct of Ghost Rider's business. Because Steven was an employee, whether statutory or otherwise, of Ghost Rider and performed duties related to Ghost Rider's business, there is no coverage under the Policy for the claims that have been asserted in the Underlying Lawsuit.

26.    Exclusion 6 in "Part I – Liability to Others" of the Policy excludes coverage for injury claims of a fellow employee injured while within the course of his employment or while performing duties related to the conduct of Ghost Rider's business. Because Matthew and Steven were fellow employees, whether statutory or otherwise, of Ghost Rider and performed duties related to Ghost Rider's business, there is no coverage under the Policy for the claims that have been asserted in the Underlying Lawsuit.

27.    In the absence of liability coverage under the Policy there is no duty or obligation of Artisan Truckers and Casualty Company to defend either Ghost Rider or Matthew for any claim asserted against them in the Underlying Lawsuit.

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendants as follows:

1.    Artisan Truckers and Casualty Company seeks a declaration of its rights and obligations under the Policy and a declaration that there is no liability coverage available to Ghost Rider Trucking & Livestock, LLC, or Matthew A. Drinkwalter under the Policy that would require it to either indemnify or defend Ghost Rider Trucking & Livestock, LLC , or Matthew A. Drinkwalter for claims asserted against them in the Underlying Lawsuit.

2.    For such other relief and further relief to which Plaintiff may be entitled including, but not limited to, costs, and attorney's fees.

DATED this 25th day of September, 2025.

7

Artisan Truckers and Casualty Company,
Plaintiff,

By: _____

Kaleb J. Gibertoni, WSB # 8-7153
Buchhammer & Ward, P.C.
P.O. Box 568
Cheyenne, WY 82003-0568
(307) 634-2184
Kaleb@BuchhammerWardPC.com

8